A89A1011. MITCHELL v. THE STATE.
(387 SE2d 390)

McMURRAY, Presiding Judge.

Defendant was charged in two counts for rape and burglary. The case was tried before a jury and defendant was found guilty of burglary, but the jury was unable to reach a verdict on the rape charge. A mistrial was declared and a new trial was ordered on the rape charge. Upon retrial, the jury found defendant guilty of the lesser included offense of simple battery. This appeal followed. *Held:*

In his sole enumeration, defendant asserts the general grounds.

"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another . . . ." OCGA § 16-7-1 (a).

At the first jury trial, the victim testified that defendant forcibly entered her apartment, beat her and forced her to have intercourse. The victim's mother testified that she saw defendant outside the victim's home on the day of the burglary; that she noticed that the door of the victim's apartment had been forcibly entered and that the victim had been "beat up so bad in the face [that] her eyes [were] closed . . . ." This evidence was more than sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Powell v. State*, 170 Ga. App. 360, 361 (317 SE2d 338).

"A person commits the offense of simply battery when he either . . . [i]ntentionally makes physical contact of an insulting or provoking nature with the person of another, or . . . [i]ntentionally causes

physical harm to another." OCGA § 16-5-23 (a).

At the second jury trial, the victim testified that after breaking into her apartment and beating her, defendant had intercourse with her and then "took [a] broom and stuck it up [her] vagina." This testimony was corroborated by scientific evidence showing that "sperm" was present on "the [top] end of [a] broom handle" that was found in the victim's apartment. This evidence was sufficient to authorize the jury's finding that defendant was guilty, beyond a reasonable doubt, of simple battery. *Jackson v. Virginia*, supra.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 10, 1989.

*M. Muffy Blue, A. Nevell Owens*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Richard E. Hicks, William L. Hawthorne III*, Assistant District Attorneys, for appellee.

